IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

**BAXTER BAILEY & ASSOCIATES, INC.**
as assignee of NOERR TRUCKING, LLC

    **Plaintiff,**

vs.

**SEMI-CAB, INC., CHEWY, INC.,
HILLS PET NUTRITION, LLC,
PETSMART, INC., AND
PETCO ANIMAL SUPPLIES, INC.**

    **Defendants.**

CASE NO: 1:24-cv-02163-WMR

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT**

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes Now, Plaintiff, Baxter Bailey & Associates, Inc. as assignee of numerous motor carriers ( and files Plaintiff's Complaint against the Defendants, Semi-Cab, Inc., Chewy, Inc., LLC, Hills Pet Nutrition, LLC, PetSmart, Inc., and Petco Animal Supplies, Inc. Plaintiff would show the court the following:

## PARTIES

    1.    Plaintiff, Baxter Bailey & Associates, Inc. ("Plaintiff" or "Baxter") is a licensed collections agency located in Southaven, MS. Plaintiff is an assignee of the herein claims, rights, and remedies entitled to or in the possession of its assignor Noerr Trucking, LLC ("Noerr or Assignor") Such assignment was provided to Plaintiff from the assignor prior to filing of this complaint. ("Exhibit A")

2. Defendant Semi-Cab, LLC ("Semi-Cab") is located at 2876 Adams Oaks Lane NE, Marietta, GA 30062 and can be served there through its agent, Ajesh Kapoor, 2876 Adams Oaks Ln, Marietta, GA, 30062 At all times mentioned herein, Semi-Cab was the Broker and/or transportation agent of the subject matter shipments.

3. Defendant Chewy, Inc. ("Chewy") is located at 7700 West Sunrise Boulevard, Plantation, FL 33322 Chewy, Inc. can be served through Registered Agent Corporate Creations Network, Inc., 801 US HWY 1, North Palm Beach, FL 33408.

4. Defendant Hill's Pet Nutrition, LLC ("Hill's Pet") is located at 400 SW 8th Avenue, Topeka, KS 66603 and can be served there through its Registered Agent, C T Corporation System, 112 SW 7th St. Suite 3C. Topeka, KS 66603.

5. Defendant PetSmart, Inc. is located at 19601 N. 27th Avenue, Phoenix, AZ, 85027 and can be served through Registered Agent, Corporate Creations Network Inc., 3260 N Hayden Road #210, Scottsdale, AZ 85251.

6. Defendant Petco Animal Supplies, Inc. is located at 10850 Via Frontera, San Diego, CA 92127 and can be served through Registered Agent, Becky DeGeorge, 2710 Gateway Oaks Dr., Sacramento, CA 95833.

**Venue and Jurisdiction**

7. Venue is proper in this District as Defendants actively do business in this venue and jurisdiction and can be found here.  The Defendants are subject to personal jurisdiction in this state as they have systematic and continuous contacts with the State of Georgia.  Further, there contains a venue and jurisdiction clause in the broker/carrier agreement between Noerr and Semi-Cab.

8. This court also has diversity jurisdiction over this cause of action pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000.00 and there is complete diversity of the parties involved.

**Factual Background**

9. This suit involves an action for unpaid freight charges in the amount of $92,877.610 for transportation services rendered by Plaintiff's assignee Noerr.

10. Defendants Chewy, Hill's Pet, Petco and PetSmart engaged the transportation services of a broker, Semi-Cab, to hire Noerr, a licensed motor carrier, to transport its goods, at the request and direction of Defendants, for the sole benefit of Defendants.

11. Noerr did in fact haul the freight at the request of Defendants Chewy, Hill's Pet, Petco and PetSmart and their agent, Semi-Cab. Noerr performed every obligation owed under the Bill of Ladings and Rate Confirmations. The Bill of Ladings and Rate Confirmations are attached as "Exhibit B" to this Complaint.

**First Theory of Recovery – Breach of Contract**

12. Pursuant to the Bill of Ladings, Defendants Chewy, Hill's Pet, Petco and PetSmart, as the shippers and consignee possessed primary responsibility of the payment of freight charges to Plaintiff.

13. Noerr provided transportation of said shipments and as the result of said transportation earned compensation in the amount of $92,877.61, of which no part has been paid by Chewy.com, Best Bay, or their agent, Semi-Cab, to Noerr. Plaintiff has made demands for payment, but Defendants have failed and refused, and continue to fail and refuse to make payment of said unpaid amount to Plaintiff. Documents are attached evidencing the hauling of Defendants' freight. ("Exhibit B")

14. Defendants, as beneficiaries of the services provided by Noerr, are parties to the contract for transportation of the subject shipments, and liable for the payment of freight charges for the said shipments. The freight charges with respect to the subject shipments were in the amount of $92,877.610.

WHEREFORE, Plaintiff prays for a judgment in their favor against Defendants pursuant to Plaintiff's First Theory of Recovery for $92,877.61, for prejudgment and post-judgment interest, and for costs of this action.

### Second Theory of Recovery – Unjust Enrichment/Quasi-Contract

15. Defendants Chewy, Hill's Pet, Petco and PetSmart have received and retained the benefits of the transportation of freight provided by Noerr with respect to said shipments, and such benefits have been received and retained by Defendants and their agent, whereas Noerr has suffered the financial burden of fuel costs, maintenance, time, and manpower for the benefit of Defendants. Under such circumstances it would be inequitable and unconscionable for Plaintiff not to be paid for their services.

WHEREFORE, Plaintiff prays for a judgment in their favor and against Defendants pursuant to Plaintiff's Second Theory of Recovery for $92,877.61 for prejudgment and post-judgment interest, and for costs of this action.

### Third Theory of Recovery – Agency

16. Plaintiff would show that Defendants Chewy, Hill's Pet, Petco and PetSmart are liable to the Plaintiff based upon the doctrine of principal/agent.

17. Plaintiff would show that Defendants Chewy, Hill's Pet, Petco and PetSmart hired a broker, Semi-Cab, acting as agent and trustee that failed to pay the carrier for the services performed by Noerr, and the Defendants are liable for that failure.

18. Defendants Chewy, Hill's Pet, Petco and PetSmart are liable as their broker, Semi-Cab, failed to pay the amounts due to Noerr for hauling the Defendants' freight.

WHEREFORE, Plaintiff prays for a judgment in their favor against Defendants pursuant to Plaintiff's Third Theory of Recovery for $92,877.61 for prejudgment and post-judgment interest, and for costs of this action.

### Fourth Theory of Recovery – Consignee Liability

19. Chewy was the receiver or "consignee" of the goods being hauled. A consignee is defined as "the person named in a bill of lading as the person to whom the goods are to be delivered." 49 U.S.C.A. § 80101.

20. Under 49 U.S.C. §13706(a) a consignee is liable for shipping costs upon the consignee of an interstate shipment of goods when, as owner of the goods, it accepts the shipment from the carrier.

21. A consignee accepting the shipment as the owner becomes liable, as a matter of law, for the full amount of the freight charges whether they are demanded at the time of delivery, or not until later.

22. Chewy accepted numerous shipments hauled by Plaintiff and is liable under consignee liability.

WHEREFORE, Plaintiff prays for a judgment in their favor against Defendants pursuant to Plaintiff's Fourth Theory of Recovery for $92,877.61, for prejudgment and post-judgment interest, and for costs of this action.

### Fifth Theory of Recovery - Sworn Account

23. That an account was taken and sworn to between the plaintiff's assignees and Defendants which showed a balance of $92,877.61 due and owing by the Defendants. The account

was delivered to, received and accepted by the defendant without objections being made thereto or to any item thereof. That no part thereof has been paid though duly demanded. ("Exhibit C")

WHEREFORE, Plaintiff prays for a judgment in their favor against Defendants pursuant to Plaintiff's Fifth Theory of Recovery for $92,877.61, for prejudgment and post-judgment interest, and for costs of this action.

Respectfully submitted,

/s/ J. David Stuart_____
J. David Stuart
PO Box 1567
Smyrna, GA 30081
Office 770-263-9682
Direct 678-631-4087
jdavidstuart@stuartattorneys.com

*Attorney for Plaintiff*

Respectfully submitted,

/s/Edgar Davison_____
Edgar Davison, TN Bar No. 024388
6000 Poplar Avenue, Suite 250
Memphis, Tennessee 38119
(901) 271-5566
edgar@davisonlawfirm.net

*Attorney for Plaintiff*
*Admitted pro hac vice*