**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Baxter Bailey & Associates, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:  1:24-cv-02163-WMR |
| | ) | |
| Semi-Cab, Inc. et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT</u>**

TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................1

II.  BACKGROUND ....................................................................................3

III. PLAINTIFF BAXTER BAILEY LACKS STANDING ...............................8

  A.  STANDARD OF REVIEW UNDER RULE 12(B)(1) ...................................8

  B.  THE ASSIGNMENT TO BAXTER BAILEY IS INVALID AND ILLEGAL ....................10

    1.  The Assignment is not an absolute, unconditional, and completed transfer 10

    2.  The "Assignment" is a contract of champerty ...........................................13

IV.  BAXTER BAILEY HAS FAILED TO STATE A CLAIM ..........................14

  A.  STANDARD OF REVIEW UNDER RULE 12(B)(6) ...................................14

  B.  PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER RULE 12(B)(6) .............15

    1.  The Breach of Contract Claim Should Be Dismissed ...............................16

    2.  The Unjust Enrichment Claim Should Be Dismissed ...............................18

    3.  The "Agency" Claim Should Be Dismissed...............................................19

    4.  The "Consignee Liability" Claim Under 49 U.S.C. §13706(a) Should Be Dismissed.................................................................................................20

    5.  The Claim for "Sworn Account" Should Be Dismissed ...........................22

V.   THE COURT LACKS PERSONAL JURISDICTION OVER HILL'S AND THE RETAIL DEFENDANTS ....................................................................24

VI.  CONCLUSION ...................................................................................25

Defendants SemiCab, Inc. ("SemiCab"), Hill's Pet Nutrition, Inc. ("Hill's"), PetSmart, LLC ("PetSmart"), Petco Animal Supplies, Inc. ("Petco"), and Chewy, Inc. ("Chewy") (collectively, "Defendants"), by counsel, respectfully move to dismiss the First Amended Complaint ("Amended Complaint") pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(2) of the Federal Rules of Civil Procedure.

## I.    Introduction

On or about May 9, 2022, a contract was executed between SemiCab and Noerr Trucking LLC ("Noerr Trucking"). About a year later, Noerr Trucking claimed that SemiCab owed it $92,877.61 under the Carrier Agreement. SemiCab conducted an audit and found that SemiCab had overpaid Noerr Trucking by $48,922.95.

Noerr Trucking then filed a claim against SemiCab's surety bond (a bond required by law to cover non-payment of fees). The bond company's administrator reviewed the evidence submitted by the parties and denied Noerr Trucking's claim in full. Noerr Trucking then allegedly "assigned" its rights to Plaintiff Baxter Bailey, a Mississippi-based collections agency, which initiated this action.

The Carrier Agreement is clear that "SemiCab is the sole party responsible for payment of Carrier's invoices and that, under no circumstances, will Carrier [i.e., Noerr Trucking] seek payment from the shipper or consignee (including without limitation any Customer)." ECF No. 5-2 at 8. Nonetheless, Baxter Bailey (acting as

a purported assignee of Noerr Trucking) elected to sue one of SemiCab's customers, Hill's, and three customers of Hill's (*i.e.*, PetSmart, Petco, and Chewy, collectively referred to in the memorandum of law as the "Retail Defendants").

Defendants now respectfully request that this Court dismiss Plaintiff's claims with prejudice because (i) Plaintiff lacks standing to bring this action because the contract between Noerr Trucking and Baxter Bailey is not a proper assignment and the purported "assignment" of claims to Baxter Bailey is illegal under Georgia law, as it constitutes champerty, (ii) Plaintiff fails to state any viable claims for breach of contract (particularly as to the Retail Defendants and Hill's, with whom Plaintiff has alleged no contract whatsoever) or other theories of liability; and (iii) even assuming that any of Baxter Bailey's claims were properly alleged, Plaintiff has failed to establish that this Court has personal jurisdiction over Hill's and the Retail Defendants—all of which are corporations with principal places of business outside of the state of Georgia.

The simple fact is this: Noerr Trucking and SemiCab entered into a contract. If Noerr Trucking believes it has not been properly paid by SemiCab, it may bring a claim for breach of contract under the Carrier Agreement against SemiCab. In such a situation, SemiCab would concede that Noerr Trucking has standing to sue and has stated a claim. SemiCab would also concede that because the parties are diverse and the amount in controversy exceeds $75,000, this Court would have subject matter

jurisdiction. And SemiCab would defend such a claim against it by arguing that it, in fact, overpaid Noerr Trucking—the very argument that the claims administrator found sufficient to deny the claim on the payment bond.

But Noerr Trucking has not brought such a lawsuit. Instead, it attempted to assign its causes of action to a Mississippi-based collections agency, which then sued SemiCab, as well as one of SemiCab's customers that is not a party to any agreement with Noerr Trucking, and, even more egregiously, three of that customer's customers. The collection agency's entire Amended Complaint not only undermines the purpose of the contract between SemiCab and Noerr Trucking but also rests on unsustainable legal theories and assertions of this Court's personal jurisdiction.

Accordingly, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety or, in the alternative and to the extent that the Court finds Baxter Bailey has standing and has properly stated any claims, dismiss the claims against Hill's and the Retail Defendants for lack of personal jurisdiction.

## II.      Background

SemiCab is a company that hires motor carriers (*i.e.*, trucks) to transport goods for SemiCab's customers. *See* ECF No. 5-2 at 7, § 1; *see also* 49 U.S.C. § 13102(14). One such motor carrier hired by SemiCab is Noerr Trucking. On or about May 9, 2022, SemiCab and Noerr Trucking entered into a contract entitled "SEMICAB – CARRIER AGREEMENT." ECF No. 5-2 at 7, 14 ("Carrier Agreement").

About a year later, a dispute arose between Noerr Trucking and SemiCab over money allegedly owed by SemiCab. Under the Carrier Agreement, these parties had agreed that "***SemiCab is the sole party responsible for payment of Carrier's invoices*** and that, under no circumstances, will Carrier [*i.e.*, Noerr Trucking] seek payment from the shipper or consignee (including without limitation any Customer)." ECF No. 5-2, at 8 (emphasis added). Noerr Trucking subsequently filed a claim on SemiCab's surety bond with Hudson Insurance Company ("Hudson") for the money it claimed was owed. *See* ECF No. 5-2 at 4.

To provide some background, SemiCab had a BMC-84 surety bond with coverage of up to $75,000. *See* ECF No. 5-2 at 4; *see also* 49 U.S.C. § 13906. Such a bond serves as a financial guarantee that brokers will meet their contractual obligations, including payments to carriers and shippers. If a broker fails to fulfill these obligations, a claim can be made against the bond, which the surety provider will evaluate before deciding whether to pay on it. *See* 49 U.S.C. § 13906(b)(2). After Noerr Trucking filed its claim against SemiCab, the claim was evaluated by Cashin Spinelli & Ferretti, LLC ("CSF"), the company that Hudson hired to administer such claims. *See* ECF No. 5-2 at 4.

CSF denied Noerr Trucking's claim against SemiCab. As explained in the denial, Noerr Trucking's claim consisted of three invoices. *See id.* Two of these invoices covered the daily truck rates for 30 trucks and fuel service charges. *See id.*

One invoice covered the monthly rental/warehousing of 32 trailers. *See id.* Noerr's total claim amounted to $96,006. *See id.*

CSF denied the claim because SemiCab asserted and presented evidence that it had overpaid Noerr Trucking on nine invoices for a total of $167,550. *See id.* CSF concluded: "As a result of the above facts, SemiCab is claiming an offset to Noerr's outstanding invoices by the amounts SemiCab previously overpaid Noerr, such that the offset would exceed the Bond claim from Noerr and that Noerr would actually owe SemiCab money." *Id.* at 5; *see also* ECF No. 5-2 at 110 (SemiCab's audit).

Following the denial, Noerr Trucking attempted to assign its causes of action to Baxter Bailey by entering into a contract entitled "Assignment of Rights to Baxter Bailey & Associates, Inc." ECF No. 5-1. Baxter Bailey "is a licensed collections agency located in Southaven, [Mississippi]." ¶1.[1] Under this contract:

> . . . . The Parties agree that: (1) Assignee, itself and/or by and through its agents, representatives, successors, or affiliates, will attempt to collect the Accounts; . . . and (7) Assignor authorizes Assignee to settle Account (s) for no less than seventy percent of the principal balance placed; however Assignor authorizes Assignee to settle Account(s) for no less than fifty percent of the principal balances on any Account(s) whereas collections are made from a third party."
>
> .

ECF No. 5-1. In addition:

> Assignor [*i.e.*, Noerr Trucking] gives Assignee [*i.e.*, Baxter Bailey] the right to engage legal counsel and/or file suit on any placed account at the Assignee's discretion. Assignor gives full

---

[1] ¶_ refers to the paragraph _ of the Amended Complaint. *See* ECF No. 5, ¶¶ 1-23.

> power of attorney to Assignee to sign any legal document on Assignor's behalf in any lawsuit related to the account placed. Assignee shall have full authority to settle any account that has been placed with legal counsel and/or suit has been filed on at any percentage of the Assignee's discretion. Assignee shall be entitled to a 50% fee on any account placed with legal counsel and/or a lawsuit is filed on.

*Id.*

On January 24, 2024, Baxter Bailey sent a demand letter to one of SemiCab's customers, Hill's. *See* ECF No. 5-2 at 23. In rejecting the demand, Hill's concluded:

> Hill's is not a party to any agreement with Noerr Trucking, LLC. Notwithstanding the invalidity of the terms and conditions contained therein, the Receipts issued to by Semicab to Hill's for the shipments in question list Hill's Pet Nutrition, Inc. as the Shipper, Petsmart DC as the Consignee and Semicab as the Carrier; ***there is no reference to Noerr Trucking LLC anywhere on the Receipt***.

*Id.* (emphasis added); *see also* ECF No 5-2 at 149-287 (various bills of ladings that listed SemiCab as the Carrier with cargo received from Hill's, the consignor, and various companies receiving the goods as consignees).

On May 17, 2024, Baxter Bailey then initiated this action by filing a complaint against SemiCab and even though the Carrier Agreement states, "SemiCab is the sole party responsible for payment of Carrier's invoices and that, under no circumstances, will Carrier seek payment from the shipper or consignee (including without limitation any Customer)," ECF No. 5-2, at 8 (paragraph 8), Baxter Bailey also brought suit against Hill's (SemiCab's customer) and the Retail Defendants.

Nineteen days later, Baxter Bailey filed an Amended Complaint, presumably to attach the Assignment and the Carrier Agreement and other exhibits that had been missing from the initial complaint. *See* ECF Nos. 5 (Amended Complaint), 5-1 (Exhibit A), 5-2 (Exhibit B), and 5-3 (Exhibit C). Exhibit A is the purported assignment of claims. *See* ECF No. 5-1. Exhibit B contains:

(1) The initial agreement between SemiCab and Noerr Trucking signed on or about May 30, 2022 (ECF No. 5-2 at 1-3);

(2) The email from CSF denying Noerr Truck's claim on the bond (*id.* at 4-6);

(3) The Carrier Agreement between SemiCab and Noerr Trucking signed on or about May 9, 2022 (*id.* at 7-22);

(4) The denial by Hill's of the Baxter Bailey's demand on it (*id.* at 23-24);

(5) Emails between Noerr Trucking and SemiCab (*id.* at 25-148) including the email concerning the conclusions of the audit performed by SemiCab of amount owed to or from Noerr Trucking (*id.* at 110);

(6) Bills of Ladings between SemiCab, as the carrier, and Hill's (*id.* at 149-168; *id.* 183-287) along with documents that appear to be unrelated to this dispute (*id.* at 169-192).

Exhibit C is a sworn statement by the President of Baxter Bailey. *See* ECF No. 5-3.

The Amended Complaint asserts five claims for: (1) breach of contract, ¶¶12-14; (2) unjust enrichment, ¶15; (3) "agency," ¶¶16-18; (4) liability under 49 U.S.C. §13706(a) against Chewy only, ¶¶19-22; and (5) "sworn account," ¶23. Defendants

now bring this motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1),
Rule 12(b)(6) and Rule 12(b)(2) of the Federal Rules.

### III.      PLAINTIFF BAXTER BAILEY LACKS STANDING

Plaintiff Baxter Bailey, a collections agency domiciled in Mississippi, lacks
standing because it cannot allege that it suffered an injury in fact due to any actions
taken by any of the Defendants. Additionally, the purported assignment of the causes
of action from Noerr Trucking to Baxter Bailey is not only invalid but illegal under
Georgia's laws against champerty. Therefore, there is no case or controversy
between the parties and this Court lacks subject matter jurisdiction.

### A.      Standard of Review Under Rule 12(b)(1)

Article III of the United States Constitution expressly limits federal
jurisdiction to "cases and controversies." *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th
Cir. 1995) (citing *Flast v. Cohen*, 392 U.S. 83, 94-96 (1968)). "To have a case or
controversy, a litigant must establish that he has standing." *United States v. Amodeo*,
916 F.3d 967, 971 (11th Cir. 2019). Thus, standing "is the threshold question in
every federal case, determining the power of the court to entertain the suit." *Warth
v. Seldin*, 422 U.S. 490, 498 (1975).

Standing requires the litigant to show (1) an injury in fact suffered by the
plaintiff, that (2) is fairly traceable to the challenged action of the defendant and (3)
is likely to be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504

U.S. 555, 560-61 (1992). The three components form an "irreducible constitutional minimum." *Id.* at 560. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements" and, where a case is in the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up).

Because standing is jurisdictional, a motion to dismiss for lack of standing is treated as a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Svs., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A challenge to standing under Rule 12(b)(1) may be presented as either a facial or factual attack on subject matter jurisdiction. As the Eleventh Circuit has explained:

> Attacks on subject matter jurisdiction, which are governed by Rule 12(b)(1), come in two forms: facial or factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A "facial attack" challenges whether a plaintiff "has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529. A "factual attack," in contrast, challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered. *Id.*

*Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (cleaned up); *see also* Gardner v. Mutz, 962 F.3d 1329, 1340 (11th Cir. 2020); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013).

**B.      The Assignment to Baxter Bailey is Invalid and Illegal**

Defendants respectfully assert a facial attack on Plaintiff's standing. Baxter Bailey has not alleged – and, indeed, cannot allege – that it suffered an "injury in fact" due to any actions by SemiCab, Hill's, or the Retail Defendants. Therefore, Baxter Bailey cannot establish a "case or controversy" with any of the Defendants, and lacks standing unless the so-called assignment from Noerr Trucking to Baxter Bailey is valid and lawful.

However, the assignment is invalid and unlawful. *First*, Noerr Trucking did not make an absolute, unconditional, and complete transfer of all rights, titles, and interests in its causes of action. *Second*, the contract constitutes champerty, which is prohibited under Georgia law. As a result, Baxter Bailey lacks standing and there is no "case or controversy" between the Plaintiff and Defendants, and the Amended Complaint should be dismissed.

**1.      The Assignment is not an absolute, unconditional, and completed transfer**

"An assignment is an absolute, unconditional, and completed transfer of all right, title, and interest in the property that is the subject of the assignment, with the concomitant total relinquishment of any control over the property." *Allianz Life Ins. Co. of North America v. Riedl*, 264 Ga. 395, 397 (1994) (citation and punctuation omitted); *see also* O.C.G.A. § 44-12-24; *Phillips v. Selecto Sci.*, 308 Ga. App. 412, 413 (2011). "Assignment of a note means transfer of the title to the instrument so

that the recipient may bring an action thereon." *Bank of Danielsville v. Seagraves*, 167 Ga. App. 135, 140 (1983) (citation omitted). The language must show the "the intention of the owner of the right to transfer it ***instantly***, so that it will be the property of the transferee." *Nationwide Mut. Ins. Co. v. Kershaw Mfg. Co.*, 198 Ga. App. 153, 154 (1990) (citation and punctuation omitted) (emphasis added).

For instance, in *AIG Specialty Ins. Co. v. Pegatron Corp.*, 18 Civ. 03701, (Grimberg, *J.*) (N.D. Ga. Sept. 17, 2021), this Court held that there was not a valid assignment because the "language [of the assignment] does not demonstrate [assignor]'s absolute and unconditional intention to transfer all rights in its claims against Pegatron to [assignee]." *Id.* at 10-11.[2] In *Pegatron*, the parties agreed to "cooperate in good faith and use reasonable efforts to seek recovery from Pegatron and Skyworks . . . any and all costs related to seeking recovery from Skyworks or Pegatron shall be the sole responsibility of [Insured (i.e., the assignor)]." *Id.* at 10. Such language was conditional, and therefore the assignment was invalid.

Likewise, in this case, the language of the contract between Noerr Trucking and Baxter is not absolute, but conditional. Noerr Trucking "authorizes Assignee [Baxter Bailey] to settle Account (s) for no less than seventy percent of the principal balance placed; [and also] authorizes Assignee to settle Account(s) for no less than

---

[2] Available at
https://storage.courtlistener.com/recap/gov.uscourts.gand.253858/gov.uscourts.gand.253858.183.0.pdf

fifty percent of the principal balances on any Account(s) whereas collections are made from a third party." ECF No. 5-1. This is not the language of an assignment but rather power of attorney as it grants Baxter Bailey (the agent or attorney-in-fact) the authority to act on behalf of Noerr Trucking (the principal) in legal matters.

The language of the contract between Noerr Trucking and Baxter is clearly a power of attorney because it focuses on the scope of authority granted, the parties involved, and any limitations or specific powers.[3] The grant of a power of attorney, however, is not the equivalent of an assignment of ownership – standing alone, a power of attorney does not enable the grantee to bring suit in his own name. *See, e.g.*, *Titus v. Wallick*, 306 U.S. 282, 288-89 (1939); *see also Wah v. Great*, No. 23 Civ. 00918 (N.D. Ga. March 28, 2024) (Grimberg, *J.*) (explaining that Georgia law distinguishes between assignments and powers of attorney).[4] Accordingly, the "assignment" is insufficient to confer standing on Baxter Bailey, and thus the Amended Complaint must be dismissed in its entirety.

---

[3] The title of the contract between Noerr Trucking and Baxter Bailey is of no import. "It is not the *name* one gives to a transaction, but the substance, which is material and which must be inspected and analyzed to determine its validity." *American Chain & Cable Co. v. Brunson*, 157 Ga. App. 833, 836 (1981).

[4] Available at https://storage.courtlistener.com/recap/gov.uscourts.gand.312798/gov.uscourts.gand.312798.21.0.pdf (link)

### 2.    The "Assignment" is a contract of champerty

Putting to one side the fact that the purported Assignment is not valid, it is also one of champerty. The doctrines of champerty and maintenance "refer to arrangements where a party acquires an interest in something merely by participating in a lawsuit in which the party otherwise has no independent status to join." 14 AM. JUR. 2d CHAMPERTY, MAINTENANCE, ETC. § 1 (2019). "Champerty is a type of maintenance in which the intermeddler makes a bargain with one of the parties to the action to be compensated out of the proceeds of the action." *Id.*

Champerty has long been illegal in Georgia, where Noerr Trucking and SemiCab elected to resolve any disputes. *See* ECF No. 5-2 at 12, § 16. In *Sapp v. Davids*, 176 Ga. 265 (1933), the Court held that the remedy of *quantum meruit* was not available where an attorney fee contract was *void ab initio* on the ground that it was champertous because it provided that the attorney would relieve the client of the payment of the costs or expenses incidental to the litigation. In other words, "[a] *quantum meruit* recovery may be prohibited where the nature of the contract itself rendered it entirely void for being in contravention of public policy in its totality." *Remediation Services v. Ga.-Pacific Corp.*, 209 Ga. App. 427, 434 (1993) (citing *Sapp*, *supra*).

While champerty arises out of common law, the Georgia legislature has taken the additional step to codify the common law. O.C.G.A. § 13-8-2 states:

> A contract that is against the policy of the law cannot be enforced. Contracts deemed contrary to public policy include but are not limited to . . . ***Contracts of maintenance or champerty***.

O.C.G.A. § 13-8-2(a)(5) (emphasis added).

Champerty is maintaining a suit in return for a financial interest in the outcome. *See In re Primus*, 436 U.S. 412, 424 n.15 (1978). This is exactly what Baxter Bailey is doing pursuant to the "Assignment" under which it will receive (if the contract were not unlawful) a "50% fee on any account placed with legal counsel and/or a lawsuit is filed on." ECF No. 5-1 at 1.

Courts must "presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1)(a) (2013). Policy arguments are for the legislature to consider and, respectfully, it is the duty of the judiciary to "interpret the laws as they are written." *Id.* at 174 (1)(a), n.11 (citations omitted). Georgia law prohibits the purported Assignment as it is champerty.

Because the Assignment is one of champerty that is prohibited by O.C.G.A. § 13-8-2(a)(5), it is *void ab initio* and Baxter Bailey lacks standing to bring this action.[5] Respectfully, Plaintiff's Amended Complaint should be dismissed.

## IV.     BAXTER BAILEY HAS FAILED TO STATE A CLAIM

### A.     Standard of Review Under Rule 12(b)(6)

Rule 8 of the Federal Rules requires a pleading to contain a "short and plain

---

[5] *See Am. Chain &c. Co. v. Brunson*, 157 Ga. App. 833, 836 (1981) ("Regardless of what the transaction is called, it cannot be upheld if it is prohibited by statute.").

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555-56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-85 (2009); *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

### B.   Plaintiff's Claims Should Be Dismissed Under Rule 12(b)(6)

In the Amended Complaint, Baxter Bailey asserts five claims for (1) breach of contract, (2) unjust enrichment, (3) "agency," (4) liability under 49 U.S.C.

§13706(a) against Chewy only, and (5) "sworn account." ECF No. 5. Respectfully, each of these claims must be dismissed.

## 1. The Breach of Contract Claim Should Be Dismissed

"The elements of a breach of contract claim in Georgia are: (1) the breach, (2) resultant damages, and (3) harm to the party entitled to complain about the contract being broken" *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 342 Ga. App. 780, 784, 805 S.E.2d 270, 274 (2017). In this case, the breach of contract claim asserted by Plaintiff is not based on the Carrier Agreement between SemiCab and Noerr Trucking. Instead, Plaintiff alleges: "Pursuant to the Bills of Lading, Defendants Chewy, [Hill's], Petco, and PetSmart, as the shippers and consignee, had primary responsibility for the payment of freight charges to Plaintiff." ¶12.

However, Noerr Trucking (and, by extension, Plaintiff, if the assignment was not invalid and illegal) was not a party to any of these Bills of Lading and therefore Plaintiff has no right to complain about the terms of the Bills of Lading between SemiCab and Hill's being breached, even assuming that there was such a breach (there is not). *See Murray v. ILG Techs., LLC*, 378 F. Supp. 1227, 1237 (S.D. Ga. 2019) (stating, "the doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it"); *see also Scott v. Cushman & Wakefield of Ga., Inc.*, 249 Ga. App. 264, 265, 547 S.E.2d 794 (2001). Likewise, Plaintiff's attempt to assert a breach of contract claim against Hill's and the Retail Defendants

is similarly far-fetched. Plaintiff's own allegations reveal it has no valid contractual relationship with any of them whatsoever. See ECF No. 5-2 at 149-168; *id.* 183-287)

Nor can Plaintiff further amend its Amended Complaint to assert such allegations against Hill's or the Retail Defendants. Assuming that the Carrier Agreement applies here pursuant to the Assignment (and for the reasons stated above it does not), Noerr Trucking expressly waived the right to sue anyone other than SemiCab. Paragraph 8 of the Carrier Agreement between Noerr Trucking and SemiCab states: "SemiCab is the sole party responsible for payment of Carrier's invoices and that, ***under no circumstances***, will Carrier seek payment from the shipper or consignee (***including without limitation any Customer***)." ECF No. 5-2, at 8 (emphasis added). *See Cho v. S. Atlanta Assocs., Ltd.*, 409 S.E.2d 674, 676 (Ga. Ct. App. 1991) ("It is equally well recognized that a party to a contract may waive contractual provisions for its benefit.").[6]

Finally, Plaintiff has not, and cannot, allege that Noerr Trucking is a third-party beneficiary of the Bills of Lading between SemiCab and Hill's. There is nothing in the Bills of Lading to suggest that SemiCab and Hill's entered into the

---

[6] For purposes of a motion to dismiss, the Court may consider "documents incorporated into the [C]omplaint by reference" and "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In addition, the Court may consider materials that are cited and referred to in the Complaint, provided the materials are central to Plaintiff's claims and the contents of those documents are not in dispute. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

contract with the ***intention*** of benefiting Noerr Trucking. The mere fact that a company might receive some incidental benefit from the performance of a contract is insufficient to make it an intended third-party beneficiary of the agreement. *See Boller v. Robert W. Woodruff Arts Ctr.*, 311 Ga. App. 693, 698(3), 716 S.E.2d 713 (2011). "[T]he dispositive issue is whether the [contracting] parties' intention to benefit the third party is shown on the face of the contract." *Dillon v. Reid*, 312 Ga. App. 34, 40(4), 717 S.E.2d 542 (2011) (emphasis added).

Indeed, Plaintiff does not even allege that it is a third-party beneficiary but merely asserts: "Defendants, as beneficiaries of the services provided by Noerr, are parties to the contract for transportation of the subject shipments and liable for the payment of freight charges for said shipments." ¶14. This allegation is clearly insufficient to establish that Noerr Trucking was an intended third-party beneficiary of the Bills of Lading between SemiCab and Hill's. There is also no plausible way to argue that Noerr Trucking was an ***intended*** beneficiary of the contracts between Hill's and its customers (*i.e.*, the Retail Defendants).

## 2.    The Unjust Enrichment Claim Should Be Dismissed

Unjust enrichment is a claim in equity that applies "when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." *Tuvim v. United Jewish Communities,*

*Inc.*, 285 Ga. 632, 635 (2009). "Equity will grant relief only where there is no available adequate and complete remedy at law." *McGlashan v. Snowden*, 292 Ga. 450, 451 (2013) (cleaned up).

Plaintiff's unjust enrichment claim fails because Plaintiff has an adequate and complete remedy under the Carrier Agreement with SemiCab for non-payment. *See McGlashan v. Snowden*, 738 S.E.2d 619, 620 (Ga. 2013); *see also Mungai v. Chase Bank USA, N.A.*, 2020 WL 10225827, at *4 (N.D. Ga. Aug. 4, 2020) (same); GA. CONTRACTS LAW AND LITIGATION § 12:8 n.3 (2d ed. 2023) ("the availability of any claim for money damages excludes a claim for unjust enrichment"). As the Georgia Supreme Court held in *McGlashan*, when a plaintiff "could" recover damages under a contract, and thus "recover money damages" if it did, "it would be inappropriate" to let the unjust enrichment claim proceed. *McGlashan*, 738 S.E.2d at 620-21.

### 3. The "Agency" Claim Should Be Dismissed

Plaintiff has brought a claim for "agency" ¶¶16-18; however, agency is not a cause of action but rather a theory of liability for holding a principal liable for the acts of its agent. *See Twyman v. Carnival Corp.*, 410 F. Supp. 3d 1311, 1323 n.8 (S.D. Fla. 2019); *see also In re MTBE*, 568 F. Supp. 2d 376, 380 (S.D.N.Y. 2008) ("A simple question can be asked when determining whether a party has properly identified a claim: What common law or statute did the defendants allegedly violate?").

Baxter Bailey's claim for "agency" should therefore be dismissed for this reason alone. *See, e.g.*, *DT Apartment Group, LP v. CWCapital, LLC*, No. 12 Civ. 0437 (N.D. Tex. May 28, 2013) ("Because agency is not a cause of action, the court dismisses this claim.").

### 4. The "Consignee Liability" Claim Under 49 U.S.C. §13706(a) Should Be Dismissed

Plaintiff has also brought a claim against Chewy, and no other Defendants, under 49 U.S.C. §13706(a). ¶¶ 19-22. It is unclear why Chewy alone has been named in relation to this claim (Plaintiff does not attempt to explain), but in any event this claim also fails in relation to all the Defendants, including Chewy. 49 U.S.C. §13706(a) only applies to filed rates with the Surface Transportation Board ("STB") (*i.e.*, tariffs), and Plaintiff does not allege anywhere in its Amended Complaint that it is seeking to recover tariffs. "A tariff is a document that contains all of a moving company's rates, charges, and service terms for moving a customer's household possessions." Surface Transportation Board, Tariff Guidance.[7]

Nor can Plaintiff ever make such an allegation because in 1995 Congress enacted "a new statutory scheme under which a carrier need file tariffs only for the transportation of household goods [i.e., a moving company across state lines]." *Munitions Carriers Conference, Inc. v. United States*, 147 F.3d 1027, 1029 (D.C. Cir.

---

[7] https://www.stb.gov/resources/need-assistance/hhg-moving/hhg-tariff-guidance/

1998); *see also Transit Homes of Am. v. Homes of Legend, Inc.*, 173 F. Supp. 2d 1192, 1196 (N.D. Ala. 2001) ("the great majority of transportation of property by motor carrier in this country must . . . occur pursuant to the terms of private contracts").

Household goods are those goods "arranged and paid for by the householder, except such term does not include property moving from a factory or store." 49 U.S.C. § 13102(10) (definitions); 49 U.S.C. § 13702 (tariffs). In this case, Plaintiff does not and cannot allege that a "householder" arranged for the transportation of the goods or that the goods were not moved from a factory or store.

Other points bear emphasis here. *First*, as noted above the Assignment is invalid and the Carrier Agreement does not apply, but even assuming that it does, under Paragraph 8 of the Carrier Agreement between Noerr Trucking and SemiCab, Plaintiff cannot assert this claim against Chewy. Noerr Trucking knowingly waived any rights to recover from any company other than SemiCab. *Second*, despite the fact that Chewy is only listed as the consignee on a few of the Bills of Lading attached to the Amended Complaint, Plaintiff makes the general, conclusory allegation that "Chewy accepted numerous shipments" and on that basis, somehow seeks the entire $92,877.61 from Chewy under 49 U.S.C §13706(a). Indeed, at a minimum, Chewy is entitled to notice of the damages sought by Plaintiff as part of

the claim, which the Amended Complaint does not provide. *Third*, the plain language of the Bills of Lading indicate that they are Prepaid FOB Origin.

### 5.    The Claim for "Sworn Account" Should Be Dismissed

Plaintiff's final claim is for a "sworn account," but the undersigned counsel has been unable to any claim for "sworn account" under Georgia law.   Plaintiff's ***entire*** claim is alleged as follows:

> That an account was taken and sworn to between the plaintiff's assignees and Defendants which showed a balance of $92,877.61 due and owing by the Defendants. The account was delivered to, received and accepted by the defendant without objections being made thereto or to any item thereof. That no part thereof has been paid though duly demanded. ("Exhibit C").

¶23.

The Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. In this case, the Plaintiff has not given the elements of a purported "sworn account" claim or the factual allegations needed to show that it is plausible.

Indeed, the factual allegations in paragraph 23 of the Amended Complaint are contradicted by the submitted exhibits. Plaintiff Baxter Bailey, a purported assignee of the claim, issued a "sworn statement" on April 22, 2024. *See* ECF No. 5-3. It is impossible that this statement was ever presented to SemiCab or Hill's, given that the demands on these companies were made throughout 2023 (for SemiCab, *see* ECF

No. 5-2 at 110) and January 24, 2024 (for Hill's, *see id.* at 23). (There is no evidence that any demand was ever made to the Retail Defendants.)

Moreover, Plaintiff alleges that "[t]he account was delivered to, received and accepted by the defendant without objections being made thereto or to any item thereof," ¶23, but this is false. SemiCab clearly objected to Noerr Trucking's demand and also filed its objection with the administrator when Noerr Trucking made the claim on the bond. *See* ECF No. 5-2 at 4. Hill's flatly rejected the demand from Baxter Bailey's attorney, concluding, "Hill's is not liable for any payment obligations SemiCab purportedly has with your client. Hill's affirms it is not in default of any payment obligations to SemiCab." *Id.* at 23. Finally, with respect to Hill's and the Retail Defendants, any claim against them is waived. *See* ECF No. 5-2 at 8 ("SemiCab is the sole party responsible for payment of Carrier's invoices and that, under no circumstances, will Carrier [i.e., Noerr Trucking] seek payment from . . . any Customer").

A pleading that offers "labels and conclusions . . . will not do." *Iqbal*, 556 U.S. at 678. Characterizations of a defendant's conduct as "unlawful" are "legal conclusions" and, as such, are "not entitled to the assumption of truth." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 555). Since the Plaintiff has presented a claim for "sworn account" that does not exist in Georgia, with allegations contradicted by its own exhibits, the claim should be dismissed under Rule 12(b)(6).

## V.      THE COURT LACKS PERSONAL JURISDICTION OVER HILL'S AND THE RETAIL DEFENDANTS

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff has the burden of establishing a prima facie case by presenting enough evidence to withstand a motion for directed verdict." *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021); *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir. 1994). The single allegation for this court to exercise personal jurisdiction over Hill's and the Retail Defendants is the following:

> The Defendants are subject to personal jurisdiction in this state as they have systematic and continuous contacts with the State of Georgia. Further, there contains a venue and jurisdiction clause in the broker/carrier agreement between Noerr and Semi-Cab.

¶7. There are no facts, however, alleged in support of this conclusory allegation. Except for SemiCab, none of the defendants have their principal place of business in the state of Georgia. Rather, as acknowledge in the Amended Complaint, Hill's is based out of Kansas, ¶4, PetSmart is based out of Arizona, ¶5, Petco is based out of California, ¶6, and Chewy is based out of Florida, ¶3. In addition, neither Hill's nor the Retail Defendants are party to the venue and jurisdiction clause in the Carrier Agreement and nothing in the Carrier Agreement suggests that it would somehow apply to them.

Moreover, the U.S. Supreme Court has held that it would be "unacceptably grasping" to "approve the exercise of general jurisdiction in every State in which a

corporation engages in a substantial, continuous, and systemic course of business." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014). As the Court has made clear, the paradigm bases for general jurisdiction over a corporation are (1) the corporation's place of incorporation and (2) principal place of business. *See id.* at 137; *see also Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Even taking Plaintiff's allegations as true, they are no factual allegations (as opposed to bald conclusory ones) that establish a *prima facie* case of personal jurisdiction over Hill's and the Retail Defendants. The claims against Hill's and the Retail Defendants must therefore be dismissed with prejudice.

## VI.     CONCLUSION

For the foregoing reasons, the Defendants respectfully request that Baxter Bailey's Amended Complaint be dismissed in its entirety with prejudice for lack of subject matter jurisdiction (*i.e.*, lack of a case or controversy between Plaintiff and Defendants). In the alternative, Defendants move for the claims to be dismissed for failure to state a claim or for the claims against Hill's and the Retail Defendants to be dismissed for failure to establish personal jurisdiction in the Complaint.

Respectfully submitted this 27th day of August, 2024.

Respectfully submitted,

*s/BRIAN LEHMAN*
BRIAN LEHMAN
Admitted *Pro Hac Vice*
*Attorney for Defendants*

KASELL LAW FIRM
1038 Jackson Avenue,
Suite #4
Long Island City, New York 11101
929.340.1543
brianlehman97@gmail.com