**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **NOERR TRUCKING, LLC, and BAXTER BAILEY & ASSOCIATES, INC., as assignee,** | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION FILE NO. 1:24-CV-02163-WMR** |
| **v.** | ) | |
| **SEMI-CAB, INC.,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT**

**COMES NOW,** SEMICAB, INC. ("SemiCab"), Defendant in the above-styled action, and by and through its undersigned counsel files this, its Brief in Support of Defendant's Response in Opposition to Plaintiffs' Motion for Summary Judgment, and shows this Honorable Court as follows:

## INTRODUCTION

SemiCab made a conscious decision not to file a Motion for Summary Judgment in this action. SemiCab believes Plaintiffs should have also refrained from filing a Motion for Summary Judgment, and for the exact same reason SemiCab chose not to file; namely, because it is obvious, even from Plaintiffs'

own filings, that there are several genuine issues of material fact to be adjudicated and decided at trial regarding the claims and counterclaims asserted by the parties, including, most significantly, whether the Trucking Addendum and the Trailer Addendum (collectively the "Addenda") presented by Plaintiff Noerr Trucking, LLC ("Noerr Trucking") in November 2022, and at least one of which was undisputedly never signed by SemiCab, ever governed the parties' business relationship.

With respect to both Plaintiffs' claims and SemiCab's counterclaims, Plaintiffs are trying to have it both ways—they want the Addenda to not apply when it comes to lowering SemiCab's costs per truck, but they want them to govern the parties' relationship for the purpose of charging all trailer-related items. Plaintiffs have even admitted as much. (*See* Noerr Trucking Dep., attached to this Response as **"Exhibit 2"**, at 162:7-15)

Plaintiffs cannot have it both ways. The Addenda either apply or they do not, and they either govern the parties' relationship or they do not. To remove all doubt on this issue, SemiCab intends to take the position that the Addenda do not apply, and believes the evidence will show this to be the correct position. In any event, the mere fact that this critical issue is in dispute should, without further inquiry needed, lead to a determination by this Court

that summary judgment is inappropriate here. Further, as described in greater detail below, there are several other material facts in dispute that should assist this Court in arriving at the same conclusion.

Specifically regarding Defendant's Counterclaims, regardless of whether SemiCab voluntarily made payments to Noerr Trucking for trailer rental, usage, availability, storage, and repair based on specific trailer-only invoices, that fact alone does not lead to only one possible conclusion of law. The voluntary payment doctrine, relied upon heavily by Plaintiffs in their Motion, is without question inapplicable with respect to payments never actually made, and might very well even be inapplicable under the circumstances presented here relating to payments actually made by SemiCab to Noerr Trucking.

In short, almost all of Plaintiffs' purported "undisputed material facts" are disputed, immaterial, or both, and even the undisputed material facts are not dispositive as a matter of law. As such, Plaintiffs' summary judgment should be denied as to all claims and counterclaims asserted by the parties in this action.

## FACTUAL BACKGROUND

Noerr Trucking is a trucking company operating mainly in the Mid-Atlantic area of the United States that has been a family business under different names, but continuously for the last nearly 100 years. (Noerr Trucking Dep. 13:8-22:2) SemiCab is an entity that built a technology platform to enable collaboration between shippers of goods and carriers. (SemiCab Dep., attached to Plaintiff's Motion for Summary Judgment ("MSJ") as **"Exhibit 12"**, at 43:15-20) SemiCab used Noerr Trucking's service to move goods for one of SemiCab's customers, Hill's Pet Nutrition. (SemiCab Dep. 51:21-52:3)

Noerr Trucking and SemiCab entered into a business relationship in early 2022. The terms of that business relationship were governed initially by the Simple Business Terms Agreement ("SBTA") executed on or about March 29, 2022. (SBTA, attached to this Response as **"Exhibit 3"**; Noerr Dep. 119:19-120:12) The SBTA provides that Noerr Trucking would guarantee the availability of five trucks, with three trailers per truck, to SemiCab five days a week. (SBTA) The SBTA provides that SemiCab would pay Noerr Trucking on a cost basis of $1,160 plus a fuel surcharge. (SBTA) The SBTA does not provide for any additional charges for trailer usage, rental, availability, storage, or repair. (SBTA; SemiCab Dep. 69:2-17; Noerr Trucking Dep. 123:4-17) The

SBTA provides that the parties agreed to develop a long-term agreement by April 15, 2022. (SBTA)

A more detailed agreement, the SemiCab Carrier Agreement (the "Carrier Agreement", attached to the MSJ as **"Exhibit 1"**) was executed by the parties on or about May 9, 2022. (Carrier Agreement; Noerr Trucking Dep. 123:18-126:15) Together, these two agreements (the "Agreements") set forth all the terms of the parties' relationship. (Carrier Agreement ¶ 16) The Carrier Agreement did not alter any of the business terms set forth in the SBTA. (SBTA; Carrier Agreement; Noerr Trucking Dep. 128:21-129:3) Paragraph 8 of the Carrier Agreement provides in part that SemiCab had 180 days to dispute any overcharges on any Noerr Trucking invoices. (Carrier Agreement ¶ 8) Paragraph 16 of the Carrier Agreement provides in part that the agreement between the parties cannot be modified except by a writing signed by the parties. (Carrier Agreement ¶ 16)

On or about November 14, 2022, Noerr Trucking sent the Addenda to SemiCab. (Noerr Trucking Dep. 147:9-148:5). Pursuant to the Trucking Addendum, the per truck price would be decreased from $1,160 to $960. (Trucking Addendum, ¶ 3). Pursuant to the Trailer Addendum, there would be

charges for trailer usage, rental, availability, storage, and repair. (Trailer Addendum).

The Trucking Addendum was signed by Jagan Reddy on behalf of SemiCab on or about September 28, 2023. (Reddy Dep., attached to MSJ as **"Exhibit 13"**, at 23:10-24:7; Reddy Dep. 29:4-30:12) Jagan Reddy had ceased all involvement with SemiCab in the first half of 2023. (Reddy Dep. 40:15-22) Jagan Reddy signed the Trucking Addendum after he was no longer involved with SemiCab at the request of Vivek Sehgal. (Reddy Dep. 44:9-16)

The Trailer Addendum was never signed by SemiCab. (Noerr Trucking Dep. 153:3-155:8; Noerr Trucking Dep. 159:2-15)

Disputes arose between the parties regarding payments. On July 9, 2023, SemiCab offered to pay Noerr Trucking $92,877.61 to settle all accounts between the parties. (BBA 120, attached to this Response as **"Exhibit 4"**) On July 20, 2023, Noerr Trucking advised SemiCab that the proposed settlement terms were unacceptable. (D00237, attached to this Response as **"Exhibit 5"**) On August 15, 2023, SemiCab's accounts payable department advised Noerr Trucking that SemiCab had not received detailed account statements from Noerr Trucking, and that SemiCab's board asked SemiCab to hire an external agency to conduct a complete audit on all Noerr Trucking invoices. (BBA 122,

attached to this Response as **"Exhibit 4"**) SemiCab did some investigating into the matter, and concluded that SemiCab had actually overpaid Noerr Trucking. (BBA 117)

Noerr Trucking initiated an insurance claim to collect on the monies it believed it was owed by SemiCab. (BBA 122) The insurance claim was denied because, according to the bond company, SemiCab had disputed the indebtedness and alleged overpayment, and because there might be some merit to SemiCab's position. (D00072-D00073, attached to this Response as **"Exhibit 6"**) SemiCab's entire claim of overpayment relates solely to trailers, not trucks. (SemiCab Dep. 53:24-54:11; SemiCab Dep. 71:14-72:1; D00127, attached to this Response as **"Exhibit 10"**)

## DISPUTED FACTS

SemiCab incorporates by reference its Statement of Disputed Facts into this section of its Brief, but to highlight some key disputes without repeating here the citations to the record included in the Statement of Disputed Facts, the parties dispute: (1) whether Jagan Reddy had authority to execute the Trucking Addendum when he executed it; (2) whether the Trucking Addendum was validly signed; (3) whether the Trucking Addendum and the Trailer Addendum ever validly formed part of the parties' relationship; (4) whether SemiCab

timely disputed overcharges on Noerr Trucking invoices; (5) whether the parties ever reached an agreement on payment terms to settle their disputes; (6) whether SemiCab ever agreed to pay any trailer-related charges; (7) whether SemiCab ever agreed to pay for truck or trailer usage above the trucks and trailers provided in the SBTA; (8) whether SemiCab paid trailer charges to Noerr Trucking by mistake; and (9) whether any agreement was ever reached between the parties that superseded the Agreements.

## ARGUMENT AND CITATION TO AUTHORITY

### 1. Summary Judgment Standard

The standard for summary judgment is found under O.C.G.A. § 9-11-56, which states, in part, that to succeed, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *O.C.G.A. § 9-11-56(c).* The movant for summary judgment has the "burden to produce evidence which conclusively eliminates all issues in a case, even those upon which the opposing party... would have the trial burden." *Lane Co. v. Taylor,* 174 Ga. App. 356, 360 (1985) (citing *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551, 552 (181 S.E. 2d 866) (1971)). The *Lane Co.* case further provides that "the benefit of all reasonable doubt and favorable inferences" are in favor of the non-

moving party. *Id.* at 360. There are numerous issues of material fact that remain, specifically regarding the validity of the Addenda that are at the heart of the dispute, and SemiCab can show that there is specific evidence in the record giving rise to numerous triable issues of material fact on that and other issues. Thus, Plaintiffs have failed to meet their burden of proof and Plaintiffs' Motion should be denied.

### A. There are Several Disputed, Material Facts that Preclude Summary Judgment.

As enumerated above and in the Statement of Disputed Material Facts, there are many facts in dispute based upon the discovery conducted by the parties in this action, most of which are potentially outcome-determinative. For example, if the Addenda are valid, SemiCab is entitled to a $200 per truck discount from the effective date of the Addenda, but would be obligated to pay all trailer charges from that same date. Conversely, if, as SemiCab contends, the Addenda are not valid, SemiCab loses the benefit of the $200 per truck discount, but is absolved of all trailer-related charges, both those never paid and at least some, if not all, of those paid as well. Additionally, the extent to which the paid invoices are refundable could very well rest on the resolution of the disputed fact of whether SemiCab timely raised the issue of overpayment

to Noerr Trucking. Yet another key disputed fact is whether Noerr Trucking ever accepted, at any time prior to SemiCab disputing the invoices, the proposal made by SemiCab on July 9, 2023. If it did, there might be an enforceable settlement. If not, then clearly, no such settlement exists.

Using those three examples alone, there are many disputed facts that directly affect the outcome of Plaintiffs' claims of entitlement to payment and the entirety of SemiCab's entitlement to offset, recoupment, and generally claims of overpayment and the right to a refund, all $167,550.00 of which relates to trailer charges. Clearly, this action cannot be resolved without addressing facts in dispute. There is no path for Plaintiffs to be granted summary judgment under the circumstances.

**B. The Voluntary Payment Doctrine Does Not Bar SemiCab's Recovery of Overpaid Trailer Charges as a Matter of Law.**

Plaintiffs contend that Georgia's voluntary payment doctrine, codified in O.C.G.A. § 13-1-13, bars SemiCab from recovering the trailer charges it paid to Noerr over the course of the parties' relationship. [Dkt. 88-1, pg. 8-10]. This argument fails for multiple independent reasons. The voluntary payment doctrine is inapplicable where, as here: (1) the payments were made under a mistake of material fact; (2) the payments were, at the very least, the product

of a mistake of law rather than mere ignorance; (3) the equitable balancing framework of *Gulf Life Insurance Co. v. Folsom* requires a fact-intensive prejudice inquiry that cannot be resolved on the present record; and (4) the doctrine, even if it were to bar recovery of past payments, does not extinguish SemiCab's right to assert setoff and recoupment going forward and is not applicable to payments not actually made.

O.C.G.A. § 13-1-13 provides:

> [P]ayments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property."

As shown below, SemiCab can recover trailer-related payments voluntarily made to Noerr Trucking because they were made due to a mistake of fact – namely, that the unsigned Addenda were operative. Alternatively, SemiCab's trailer payments were made under mistake of law, again surrounding the issue of whether the unsigned Addenda were legally operative which is, in any event, disputed. Finally, even if this Court finds neither a mistake of fact nor a mistake of law, the *Folsom* balancing test described below requires a showing of prejudice by Noerr Trucking before resolution of summary judgment on

whether SemiCab is entitled to recover its past overpayments, and Noerr Trucking cannot make such a showing.

**a. SemiCab's Payments for Trailer-Related Charges Fall Within the Mistake-of-Fact Exception Because SemiCab Did Not Know All Material Facts at the Time of Payment**

When a mistake of fact is shown, O.C.G.A. § 13-1-13 does not bar recovery of payments made, because the statute requires that "all the facts are known" before a payment is voluntary. O.C.G.A. § 13-1-13; *Ins. Co. of N. Am. v. Kyla, Inc.*, 193 Ga. App. 555, 556 (1989). SemiCab's payments for the trailer charges were made under precisely such a mistake of fact. SemiCab did not know the facts surrounding contractual authorization for trailer charges at the time of making the trailer charge payments.

The SBTA and the Carrier Agreement established a daily rate of $1,160.00 plus fuel surcharge for five truck units with guaranteed availability of three trailers per truck unit - fifteen trailers - all included within the contracted day rate with no provision for separate trailer billing. [Dkt. 88-2, ¶¶ 3-5.] Scott Noerr ("Mr. Noerr"), Plaintiff Noerr Trucking's own principal, declared under oath that the Carrier Agreement "guaranteed the availability of … '3 trailers available per truck unit' - that is, fifteen (15) trailers dedicated to the SemiCab operation and included within the contracted day rate, without

separate trailer rental billing." [Dkt. 88-3, ¶ 3.] The Carrier Agreement itself "did not cover" what would govern if SemiCab needed more than fifteen trailers. [Dkt. 88-2, ¶ 5.]

Notably, the Carrier Agreement contains a "Law and Integration" clause, which states "This Agreement, together with any Rate Confirmation, *contains the entire agreement between the parties and may only be modified by signed written agreement."* [Dkt. 88-4, Ex. 1, ¶ 16.] (Emphasis added.)

SemiCab's principals had conflicting understandings as to whether the Carrier Agreement was ever modified. SemiCab's first Rule 30(b)(6) designee, Vivek Sehgal ("Mr. Sehgal"), testified that he did not know whether SemiCab signed the addendum on which his overcharge analysis depended, returned a signed copy to Noerr, or agreed to it. [Dkt. 88-2, ¶ 34; Dkt. 88-4, Ex. 12, 19:11-23.] SemiCab's second Rule 30(b)(6) designee, Ajesh Kapoor ("Mr. Kapoor"), testified that he "approved [the trailer] payments for several months" and that these payments were made by mistake because there was "no contract … or contract addendum to justify the monthly invoices for the trailers." [Dkt. 88-4, Ex. 12, 55:10-11, 53:7-54:4.] Mr. Kapoor further testified: "If there was no contract, then they were paid by mistake." [Dkt. 88-4, Ex. 12, 50:15-16.]

The conflicting testimony among SemiCab's own designees - with Mr. Sehgal testifying the addenda were "valid contracts" and Mr. Kapoor testifying they "were never signed" or were signed after the fact, as further confirmed by SemiCab's third designee, Jagan Reddy, in his Deposition at 42:14-44:16, which make the Addenda "not valid contracts" - itself demonstrates that the facts surrounding the contractual authorization for trailer charges were not known at the time SemiCab was making monthly payments, and further show a mistake of fact by SemiCab. [Dkt. 88-4, Ex. 12, 19:11-23; *Cf.* Dkt. 88-4, Ex. 12, 54:12-16.] Further, even Plaintiff Noerr Trucking's principal, Scott Noerr, took the position that the Addenda were *not* valid and in particular, that the Trailer Addendum was *never signed.* (*See* Noerr Trucking Dep. at 142:14-143:9; 160:24-161:5). Without a signed, written agreement, there is nothing to supersede the SBTA and the Carrier Agreement, which means there is no valid agreement that provides for any trailer charges.

Plaintiffs' argument that SemiCab's failure to use the overcharge review process contained in ¶ 8 of the Carrier Agreement "confirms that the payments were knowing and voluntary" is unavailing. [Dkt. 88-1, pg. 10.] As a threshold matter, Plaintiffs themselves concede that ¶ 8 of the Carrier Agreement "does

not state that an untimely claim is forfeited." [Dkt. 88-1, pg. 10.] Additionally, whether SemiCab disputed the trailer charges within the 180-day period is, itself, a disputed fact. [BBA110, BBA 118, BBA 122] Plaintiffs certainly acknowledge this dispute had been raised in their Statement of Material Facts. [Dkt. 88-2, ¶¶ 31-42.] Yet, Plaintiffs seem to take the position that "SemiCab did not raise the trailer charges through the agreed process". [Dkt. 88-1, pg. 10.] This is yet another dispute of material fact that precludes summary judgment.

**b. SemiCab's Good-Faith Misinterpretation of the Legal Effect of the Addenda Permits Recovery of Trailer-Related Payments Due to a Mistake of Law**

Assuming, *arguendo*, that the Court determines that SemiCab's misapprehension of the legal effect of the Addenda is not a mistake of fact, SemiCab is still not barred from recovery, because if SemiCab knew the relevant facts but misapprehended their legal effect, SemiCab's error was a mistake of law, not mere ignorance of law, and recovery is permitted under Georgia law. Georgia courts distinguish sharply between these two categories. "[M]istake implies action under a misapprehension of the law, while ignorance implies inactivity for want of knowledge of the law. Ignorance implies

passiveness; mistake implies action." *Fitzgerald v. Morgan*, 200 Ga. 651, 655 (1946). If payment was made in "mistake of law" - that is, an affirmative interpretive judgment that turns out to be wrong - recovery is permitted. *Emond v. State Farm Mut. Auto. Ins. Co.*, 175 Ga. App. 548, 550 (1985) (*citing American Surety Co. v. Groover*, 64 Ga. App. 865, 870 (1941)).

*Wallis v. B & A Const. Co.*, 273 Ga. App. 68 (2005), is instructive by contrast. In *Wallis*, the payor's principal testified that he "really didn't pay any attention to it" when authorizing payments - and the court held recovery barred. *Wallis v. B & A Const. Co.*, 273 Ga. App. 68, 74 (2005). SemiCab's situation is distinguishable. The record evidence shows that SemiCab's accounts payable team reviewed and approved invoices before payment. [Dkt. 88-2, ¶ 9.] Mr. Kapoor testified that the trailer payments were approved as part of SemiCab's "ongoing relationship" with Noerr Trucking. [Dkt. 88-4, Ex. 12, 55:8-13.] Mr. Sehgal testified that he was "approving invoices based on" his awareness of the Addenda - demonstrating affirmative action, not passive inattention. [Dkt. 88-4, Ex. 12, 32:18-21.] In light of the "Law and Integration" clause mentioned above, the legal effect of the unsigned Addenda was genuinely unclear, and point toward a mistake of law, not ignorance of law. [Dkt. 88-4, Ex. 1, ¶ 16.]

Whether SemiCab's error reflected an actual, good-faith interpretive judgment (and thus a recoverable mistake of law), or instead reflected passive inattention (and thus irrecoverable ignorance) is quintessentially a question of fact. Thus, the record here again precludes summary judgment on that question.

**c. The *Folsom* Equitable Balancing Test Precludes Summary Judgment Because Plaintiffs Have Not Demonstrated Prejudice**

In 1986, the Georgia Supreme Court harmonized O.C.G.A. § 13-1-13 with O.C.G.A. § 23-2-32(b) and held that a party "generally can recover a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment—subject to a weighing of the equities between the parties by the trier of fact." *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 406 (1986). In other words, a negligent payor may recover mistaken payments if the recipient cannot demonstrate prejudice from returning them.

*D & H Construction* applied this framework where the City of Woodstock mistakenly issued a duplicate final payment of $100,049.10 and, five months later, sought its return. 284 Ga. App. at 315–16. The court framed the inquiry as (1) whether the City was negligent in ascertaining the facts, and

(2) whether D & H would be prejudiced by returning the payment. *Id*. at 316. The City conceded negligence, so the case turned on prejudice - D & H's affidavit stating it had spent the money on outstanding debts and forgone other financing was held insufficient, since "spending the money mistakenly paid ... generally does not constitute prejudice." *Id*. at 317 (*citing Wyatt v. Hertz Claim Mgmt. Corp*., 236 Ga. App. 292, 293, 511 S.E.2d 630 (1999)). Summary judgment for the City was affirmed despite its own negligence. *Id*. at 317–18.

Here, Plaintiffs have not identified any evidence of prejudice from returning the $167,550.00 in trailer charges. The mere passage of time and the possibility that the funds have been spent are insufficient under *D & H Construction* and *Wyatt*. Accordingly, even if this Court were to find that SemiCab is not entitled to recovery of the payments due to a mistake of fact or mistake of law, under the *Folsom* equitable balancing framework, no determination has been made, and thus, summary judgment is inappropriate.

**d. The Voluntary Payment Doctrine Governs Only Recovery of Past Payments and Does Not Extinguish SemiCab's Right to Assert Setoff and Recoupment, Nor Does it Establish SemiCab's Future Obligations.**

Plaintiffs' argument that the voluntary payment doctrine bars SemiCab's setoff and recoupment defenses is legally unsound. The doctrine's text and case

law confirm it governs only whether a payment *already made* "cannot be recovered" - it does *not* obligate a party to continue paying. *O.C.G.A. § 13-1-13.*

For example, in *Yeazel v. Burger King Corp*., Burger King Corporation ("BKC") paid rent under a minimum-base-rent provision for more than four years after ceasing restaurant operations. 241 Ga. App. 90 (1999). The Georgia Court of Appeals barred recovery of overpayments made during the pendency of the lawsuit - because BKC then had actual knowledge of all material facts - but left undisturbed the trial court's ruling that BKC's pre-litigation overpayments were "potentially recoverable." *Id.* at 98-99.

Applied here, even if the doctrine barred recovery of some portion of SemiCab's trailer payments, it would not bar SemiCab's right to assert those overpayments as an offset against Plaintiffs' claims for the unpaid purported $92,877.61 balance. Setoff under O.C.G.A. § 13-7-1 and recoupment under O.C.G.A. §§ 13-7-2 and 13-7-13 are independent equitable defenses arising from the same contractual relationship. They operate to reduce or extinguish a plaintiff's claim by a debt that plaintiff owes to a defendant (O.C.G.A. § 13-7-1). Here, this would permit SemiCab to "have a deduction from the amount of

the plaintiff's damages for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought." *O.C.G.A. § 13-7-2.* The voluntary payment doctrine does not speak to these defenses. Plaintiffs cite no authority - and no authority exists - holding that O.C.G.A. § 13-1-13 extinguishes a defendant's right to plead setoff or recoupment in a breach-of-contract action. Therefore, Plaintiffs are not entitled to summary judgment on these issues, either.

## CONCLUSION

This Court should DENY Plaintiffs' Motion for Summary Judgment because Plaintiffs have failed to meet their burden to prove that there are no genuine issues of material fact, and with respect to those undisputed material facts that do exist, Plaintiffs have failed to show that those facts lead to only one possible conclusion of law.

This 21st day of August, 2026.

**FOX ROTHSCHILD LLP**
By: */s/ Jordan B. Forman*

Jordan B. Forman
Georgia Bar No. 269298
999 Peachtree Street, NE, Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 962-1000
Facsimile: (404) 962-1200
E-Mail: JForman@foxrothschild.com
*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), Defendant certifies that the foregoing has been prepared in Times New Roman 14-point font, which is approved by Local Rule 5.1(C).

/s/ Jordan B. Forman
Jordan B. Forman
FOX ROTHSCHILD LLP
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT'S BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** upon opposing counsel in this matter by e-filing said pleading through CM/ECF, which will cause opposing counsel to be electronically served with a copy of same, as follows:

T. Edgar Davison III, Esq.
Davison Law Firm
6000 Poplar Avenue
Suite 250
Memphis, Tennessee 38119
E-Mail: edgar@davisonlawfirm.net

This 21st day of August, 2026.

*/s/ Jordan B. Forman*

Jordan B. Forman
Georgia Bar No. 269298
FOX ROTHSCHILD LLP
999 Peachtree Street, NE
Suite 1500
Atlanta, Georgia 30309
Telephone: (404) 962-1000
Facsimile: (404) 962-1200
E-Mail: JForman@foxrothschild.com
*Attorneys for Defendant*